UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHAMMAD MUZAMI YOUSUFI, | CASE NO. 2:25-cv-02098-JNW-MLP |
| Petitioner, | ORDER DIRECTING PARTIES TO MEET AND CONFER AND |
| v. | GRANTING TEMPORARY RELIEF PENDING RESPONDENTS' RESPONSE TO PETITIONER'S |
| CAMMILLA WAMSLEY, et al., | MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 2) |
| Respondents. | |

On October 24, 2025, Petitioner Mohammad Muzami Yousufi filed a petition for writ of habeas corpus seeking release from confinement. *See* Dkt. No. 1. On October 30, 2025, Yousufi moved the Court for a temporary restraining order ("TRO") preventing his removal from the United States pending the Court's consideration of his habeas petition. *See* Dkt. No. 2.

Yousufi is a 24-year-old native of Afghanistan. Dkt. No. 1 at 15. Yousufi, along with his father, mother, and two younger sisters, fled from Afghanistan in 2021 fearing retribution from the Taliban government. Dkt. No. 1 at 15. After fleeing to Iran and then Mexico, the family applied for asylum in the United States on November 11, 2023. *Id.* They were admitted and given a hearing date of July 16,

ORDER - 1

2024. *Id.* Yousufi was not present at the hearing, but believed that he had been granted refugee status alongside his family. *Id.* Under this belief, he presented himself at the United States border in Blaine, Washington, on April 12, 2025, and was subsequently detained. *Id.*

The motion (and the petition) assert that Yousufi has been detained by Immigration and Customs Enforcement (ICE) at the Northwest ICE Processing Center in Tacoma, Washington, since April 12, 2025. He was originally ordered to be removed to Afghanistan, but an immigration judge granted his request for Withholding of Removal. Dkt. No. 1-2. He has since been informed by detention center staff that he "faces imminent removal from the U.S." to Mexico or another third country "in which he has no language ability or social ties, and, due to his current psychological state is almost certain to face harm." Dkt. No. 2. at 1–2.

Yousufi does not appear to have served the petition on Respondents. His motion for TRO was filed shortly after 7:40 p.m. on Thursday, October 31, 2025. While Respondents have not entered an appearance nor responded to Yousufi's motion, the Court's CM/ECF records indicate that a copy of the petition and the motion were sent electronically upon filing via the CM/ECF system to the designated Department of Justice habeas petition email: usawaw.Habeas@usdoj.gov.

The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter.").

ORDER - 2

Accordingly, the Court orders as follows:

1.  Petitioner's motion for temporary restraining order, Dkt. No. 2, is provisionally GRANTED pending Respondents' response to the motion. This grant is solely to maintain the status quo so that the Court may review the merits of the motion after full briefing.

2.  Respondents ARE PROHIBITED from removing Petitioner from the United States or this jurisdiction—i.e., the Western District of Washington—without further order.

3.  Petitioner's counsel must immediately serve process and a copy of this order on Respondents. Petitioner's counsel must immediately contact Respondents' counsel to provide a copy of this order and to meet and confer on (1) a briefing schedule for the TRO motion, and (2) about whether the Government will agree to a stipulated order *not* to remove Petitioner from the United States and *not* to transfer Petitioner to another facility during the pendency of this action.

4.  If the Parties can agree on a briefing schedule, they must file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may reach. If the Parties cannot reach agreement on a briefing schedule, then Respondents must respond to the motion for TRO on the schedule set by Local Civil Rule 65 once service is accomplished.

ORDER - 3

5. If they wish to schedule oral argument on the TRO motion, the Parties may contact the Court's courtroom deputy by email to make the necessary arrangements.

6. This provisional order will remain in effect until November 14, 2025, or until further order of the Court, whichever occurs first.

Dated this 31st day of October, 2025, at 11:22 a.m.

Jamal N. Whitehead
United States District Judge

ORDER - 4