UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOHAMMAD MUZAMIL YOUSUFI, <br><br> Petitioner, <br><br> v. <br><br> CAMMILLA WAMSLEY, et al., <br><br> Respondent. | CASE NO. 2:25-cv-02098-JNW-MLP <br><br> ORDER GRANTING TEMPORARY RESTRAINING ORDER |

## 1. INTRODUCTION

This matter comes before the Court on Petitioner Mohammad Muzamil Yousufi's motion for a temporary restraining order. Dkt. No. 2. The Court ordered Respondents to file an opposition to the motion by November 18, 2025, Dkt. No. 5, but they filed a Return on the merits of the habeas petition instead, Dkt. No. 7, and did not oppose the TRO motion. For the reasons discussed below, the Court GRANTS the motion.

## 2. BACKGROUND

On October 24, 2025, Respondents notified Yousufi that they intended to remove him to Mexico. Dkt. No. 1 at 3. That same day, Yousufi petitioned for a writ

ORDER GRANTING TEMPORARY RESTRAINING ORDER - 1

of habeas corpus, alleging that his planned removal to Mexico—a country different from the one designated in his final removal order—is unlawful because Respondents failed to provide him meaningful notice or opportunity to invoke his statutory protections against removal to a country where he may face persecution or torture. *See* Dkt. No. 1.

About a week later, Yousufi filed a motion for a temporary restraining order, alleging that he "*now* faces imminent removal from the U.S. to a dangerous third country – purportedly Mexico, possibly Uganda, Libya, Senegal, or El Salvador…." Dkt. No. 2 at 2–3 (emphasis added). This Court issued a provisional TRO "to preserve the Court's jurisdiction and to maintain the status quo" while it awaited Respondents' response, if any, to Yousufi's TRO motion. Dkt. No. 3 at 2–3. The Court later ordered Respondents to file their opposition "if any, to [Yousufi's] motion by November 18, 2025." Dkt. No. 5 at 2. Rather than file an opposition against Yousufi's TRO motion, Respondents filed a return memorandum, noted for December 16, 2025, contesting Yousufi's habeas petition. Dkt. No. 7.

Respondents' return argues against permanent injunctive relief but does not address Yousufi's TRO motion or the applicable *Winter* factors.

### 3. DISCUSSION

**3.1    The Legal Standard.**

"[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2).

The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction. *See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434

U.S. 1345, 1347 n.2 (1977). A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20). These four factors—the *Winter* factors—apply whenever a preliminary injunction is sought. *Winter*, 555 U.S. at 20; *see All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) ("a showing on all four prongs" is required).

The Ninth Circuit takes a "sliding scale" approach to preliminary relief, under which "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiffs can support issuance of a preliminary injunction, so long as the plaintiffs also show that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (cleaned up). This approach allows a stronger showing of one *Winter* factor to offset a weaker showing of another. *Planned Parenthood Great Nw., Hawaii, Alaska, Indiana, Kentucky v. Labrador*, 122 F.4th 825, 843–44 (9th Cir. 2024).

ORDER GRANTING TEMPORARY RESTRAINING ORDER - 3

### 3.2 The *Winter* factors support a TRO.

Yousufi raises serious questions going to the merits of his habeas petition. He alleges that Respondents notified him of their intent to deport him to Mexico. He also alleges that a DHS officer handed him a written Notice of Removal to Mexico that provided no specific information about when he would be removed and no means to assert his rights under the Convention Against Torture (CAT). Dkt. No. 1 at 2–4. Respondents did not oppose the TRO motion or dispute these allegations. The Court thus credits Yousufi's allegations and finds they raise serious questions about whether Respondents have violated his due process and statutory rights by attempting third-country removal without providing him adequate notice and an opportunity to seek CAT protections.

The second *Winter* factor—irreparable harm—tips sharply in favor of a TRO. While the burden of removal alone does not "constitute the requisite irreparable injury," *Leiva-Perez v. Holder*, 640 F.3d 962, 969 (9th Cir. 2011) (citation modified), Yousufi argues that removal to Mexico would cause him irreparable harm given his severe PTSD, his lack of resources in the country, his lack of ability to speak the local language, and the criminal danger targeting people removed from the United States to Mexico. Dkt. No. 1 at 3. And removal in the face of physical danger without a meaningful opportunity to seek CAT protections would itself constitute irreparable harm. *Id.*

The final two *Winter* factors merge when the Government is a party. *Padilla v. Immigr. & Customs Enf't*, 953 F.3d 1134, 1141 (9th Cir. 2020). These factors also tip sharply in Yousufi's favor. The TRO imposes little to no burden on Respondents.

Respondents remain free to carry out their non-discretionary statutory duties in third-country removal proceedings. On the other hand, absent a TRO, Yousufi will potentially face life-changing and irreparable harm.

### 4. CONCLUSION

In sum, the Court GRANTS Petitioner's motion for a temporary restraining order. Dkt. No. 2. Respondents and all their officers, agents, servants, employees, attorneys, and persons acting on their behalf, in concert or in participation with them are immediately ENJOINED from removing or deporting Petitioner to any third country in the world without notice and a meaningful opportunity to be heard in reopened removal proceedings with a hearing before an immigration judge.

Respondents have filed a Return on the merits of the habeas petition, Dkt. No. 7, and the petition will be ripe for decision on December 16, 2025. Because the Court will soon decide the merits of this case, the TRO will remain in effect pending resolution of the habeas petition.

Dated this 21st day of November, 2025.

Jamal N. Whitehead
United States District Judge