UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MOHAMMAD MUZAMIL YOUSUFI,

Petitioner,

v.

LAURA HERMOSILLO, et al.,

Respondents.[1]

CASE NO. 2:25-cv-2098

ORDER GRANTING HABEAS PETITION

## 1. INTRODUCTION

On October 24, 2025, Petitioner Mohammad Muzamil Yousufi, a citizen of Afghanistan, petitioned this Court for a Writ of Habeas Corpus. Dkt. No. 1. On December 12, 2025, the Parties filed a joint status report informing the Court that Yousufi "has been released from custody on bond, pursuant to an order of an immigration Judge," but that "ICE still plans to exercise its statutory authority to remove the Petitioner to a third country." *See* Dkt. No. 14. The remaining question

---

[1] Laura Hermosillo is the Acting Field Office Director for ICE/ERO's Seattle Field Office and is substituted as Respondent for Cammilla Wamsley under Federal Rule of Civil Procedure 25(d).

ORDER GRANTING HABEAS PETITION - 1

for this Court is whether the Government's plan to remove Yousufi under its third-country removal policy violates constitutional and statutory requirements.

For the reasons below, the Court GRANTS Yousufi's petition.

## 2.   BACKGROUND

Yousufi is a citizen of Afghanistan. His family provided support to the United States government during the war in Afghanistan. Dkt. No. 13 at 1. As a result, his family was targeted by Taliban forces and Yousufi was detained by Taliban forces. *See generally,* Dkt. No. 1. He suffered serious abuse and trauma at the hands of his captives. *Id.* His family escaped Afghanistan and sought asylum in the United States in 2023. On arrival, Yousufi was taken into custody for entering without inspection or admission. Dkt. No. 7 at 2. He was later released from custody on his own recognizance with a notice to appear at a future removal proceeding in Virginia. *Id.* His removal proceeding took place on July 16, 2024. He did not appear for the hearing, so an Immigration Judge entered an order of removal to Afghanistan in absentia. Dkt. No. 8 at ¶ 5.

Sometime in 2024, while continuing to struggle with mental health issues stemming from his detention under the Taliban, Yousufi travelled to Canada where he lived on his own for several months. On December 4, 2024, he reentered the United States through the Blaine, Washington border. He informed immigration officers that he had been granted refugee status alongside his family. This was not the case. Dkt. No. 1 at 15. He was detained and taken into ICE custody.

On July 9, 2025, while in custody, an Immigration Judge granted Yousufi a withholding of removal to Afghanistan. Dkt. No. 1 at 2. Yousufi's family had

previously already been granted orders withholding removal to Afghanistan. Dkt. No. 13. On October 24, 2025, Yousufi attests that "Respondents notified [him] that they intend to seek to remove [me] to Mexico." On November 6, 2025, an Immigration Judge ordered Yousufi's release subject to a $10,000 bond. Dkt. No. 13 at 3.

The Government states that it still intends to remove Yousufi to a third country and that "Switzerland, Canada, Brazil, and Mexico have been considered" as possible options. Dkt. No. 7 at 3.

## 3.  DISCUSSION

### 3.1    Legal standard.

Federal courts have authority to grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United States."[2] 28 U.S.C. § 2241(c)(3). Habeas corpus "entitles [a] prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to warrant relief, a petitioner must demonstrate that his detention is unlawful. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see Lambert v. Blodgett*,

---

[2] Although Yousufi has been released from custody on bond, he remains subject to a final order of removal and conditions of supervised release, which constitutes "custody" for purposes of § 2241. *See Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir. 1995); *Veltmann-Barragan v. Holder*, 717 F.3d 1086, 1087-88 (9th Cir. 2013).

393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In state collateral litigation, as well as federal habeas proceedings, it is the petitioner who bears the burden of proving his case."); *see also Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) ("petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief" when challenging incarceration by the state under 28 U.S.C. §§ 2254). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

Federal courts can resolve habeas matters "as law and justice require." 28 U.S.C. § 2243. This provision "does not limit the relief that may be granted to discharge of the applicant from physical custody." *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968). District courts instead "enjoy 'broad' discretion in fashioning remedies for habeas relief." *Johnson v. Uribe*, 700 F.3d 413, 425 (9th Cir. 2012) (quoting *Hilton v. Braunskill,* 481 U.S. 770, 775 (1987)). The federal courts have also "long recognized the existence of an implied cause of action through which plaintiffs may seek equitable relief to remedy a constitutional violation." *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020). "Where habeas petitioners raise Due Process claims and have also invoked the Court's jurisdiction under 28 U.S.C. § 1331, the Court has 'the authority both to entertain [the petitioner's] constitutional challenges and to grant injunctive relief in response to them,' 'irrespective of the accompanying habeas petition.'" *See Francisco Lorenzo v. Bondi*, Case No. 2:25-cv-02660-LK, 2026 WL 237501, at *6 (W.D. Wash. Jan. 29, 2026) (quoting *Roman*, 977 F.3d at 941–42).

ORDER GRANTING HABEAS PETITION - 4

A plaintiff seeking a permanent injunction must demonstrate (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). "Once a [constitutional] right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Roman*, 977 F.3d at 942 (quoting *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971)).

## 3.2   The Government must follow the law governing third country removal.

Yousufi seeks an order prohibiting his removal to a third country without notice and a meaningful opportunity to be heard before a neutral decisionmaker in reopened removal proceedings. An Immigration Judge has granted him withholding of removal to Afghanistan. Dkt. No. 8 at ¶ 5. No third country has been designated in the removal order. Nevertheless, the Government confirms that it intends to remove him to Mexico, Switzerland, Canada, or Brazil. Dkt. Nos, 7, 14. Absent an injunction, there is an imminent threat that Yousufi will face third-country removal without constitutionally and statutorily required procedures. *See, e.g.*, *Acosta-Ginori v. Bondi*, No. 2:25-CV-02649-RAJ, 2026 WL 221509 * 6 (W.D. Wash. Jan. 28, 2026); *Wana v. Bondi*, No. 25-cv-2321, 2025 WL 3628634, at *5 (W.D. Wash. Dec. 15, 2025).

Yousufi does not ask the Court to enjoin his removal to a third country, only that the Government afford him the statutory and constitutional protections to which he is entitled, including notice and a meaningful opportunity to be heard. *See generally,* Dkt. Nos. 1, 13. In particular, he contends that notice of his removal to a specific third country should trigger "reasonable fear protections" based on the designated country's particular conditions and possible threats. Dkt. No. 13 at 7. The Government argues this relief is foreclosed by the Supreme Court's stay of the preliminary injunction in *D.V.D. v. Department of Homeland Sec.*, 145 S. Ct. 2153 (2025). The Government also argues that DHS's internal regulations—the "March 30 and July 9 memoranda"—are "fully consistent with the Convention Against Torture ("CAT")." Dkt. No. 7 at 13. The memoranda permit removal to a third country without the need for further procedures when ICE obtains "diplomatic assurances," and in exigent circumstances, ICE may effect such a removal in as little as six hours.[3] *Id.* at 4–5.

In *Aden v. Nielsen,* the Honorable Judge Robert S. Lasnik held that "[a] noncitizen must be given sufficient notice of a country of deportation that, given his capacities and circumstances, he would have a reasonable opportunity to raise and

[3] The Government contends that when the Executive obtains diplomatic assurances that a noncitizen will not be tortured, and the Executive finds those assurances credible, courts may not "second-guess" that assessment. Dkt. No. 7 at 14 (citing *Munaf v. Geren*, 553 U.S. 674, 702 (2008); *Kiyemba v. Obama*, 561 F.3d 509, 514 (D.C. Cir. 2009)). But the Court is not reviewing any executive assessment about whether Yousufi will be persecuted or tortured in Mexico or any other third country. The question before the Court is what process the Constitution and INA require before removal can occur. *Portela-Hernandez v. Trump*, No. 25-1633-BAH, 2026 WL 74042 *12 (D. Md. Jan. 9, 2026).

ORDER GRANTING HABEAS PETITION - 6

pursue his claim for withholding of deportation" in reopened removal proceedings before an immigration judge, not merely an opportunity to file a motion to reopen. 409 F. Supp. 3d 998, 1009–11 (W.D. Wash. 2019). This Court finds *Aden*'s reasoning persuasive and adopts it here. *Id*. As the *Nguyen* court recognized, *Aden*'s conclusions "flow directly from binding Ninth Circuit precedent," and ICE's current policy on third-country removals "contravenes Ninth Circuit law." 796 F. Supp. 3d at 727.

Multiple courts have reached the same conclusion. *See, e.g.*, *Kumar v. Wamsley*, No. C25-2055-KKE, 2025 WL 3204724, at *6 (W.D. Wash. Nov. 17, 2025) (noting "overwhelming authority against" the policy); *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO (HC), 2025 WL 3114341, at *9 (E.D. Cal. Nov. 6, 2025) ("ICE's policy is contrary to Ninth Circuit precedent.... Other courts in this circuit have recognized that this policy is unconstitutional, and this Court agrees with those well-reasoned decisions."); *Nguyen v. Scott*, 796 F. Supp. 3d at 728 (holding that July 9, 2025, ICE memorandum "contravenes Ninth Circuit law" requiring notice of third country removals and opportunity to apply for fear-based protections); *Baltodano v. Bondi*, No. C25-1958RSL, 2025 WL 2987766, at *2 (W.D. Wash. Oct. 23, 2025) (same).

Accordingly, Yousufi must be provided constitutionally and statutorily compliant notice, an opportunity to respond, and—if he has a fear of persecution or torture— reopened removal proceedings before an Immigration Judge.

### 3.2.1   *D.V.D.* does not foreclose Yousufi relief.

The Government contends that Yousufi cannot obtain relief because he is a member of the plaintiff class in *D.V.D. v. U.S. Dep't of Homeland Sec.,* 778 F. Supp. 3d 355 (D. Mass.). See Dkt. No. 7. In *D.V.D.*, the district court certified a class of noncitizen petitioners and enjoined the Government from removing them to third countries unless specific conditions were met. 778 F. Supp. 3d at 392–93. The *D.V.D.* court found that the petitioners were likely to show that "[d]efendants have a policy or practice of executing third-country removals without providing notice and a meaningful opportunity to present fear-based claims." *Id.* at 387. Thus, it found the Government's third-country removal policy or practice likely violates procedural due process. *Id.* The Government appealed the injunction, and the Supreme Court eventually stayed that injunction in an unexplained, emergency-docket order. *D.V.D.*, 145 S. Ct. 2153.

The Government argues first that the Supreme Court's stay reflects a determination that the *D.V.D.* petitioners are unlikely to succeed on the merits; second, that under Ninth Circuit precedent, a class member like Yousufi cannot request the same relief in a separate action. Both arguments have been routinely rejected by courts. This Court continues to find that the Supreme Court's emergency stay of the *D.V.D.* injunction is neither binding nor persuasive, as it provides no reasoning and is thus too vague to apply here. *See, e.g., Arenado-Borges v. Bondi*, No. C25-2193, 2025 WL 3687518, at *5–6 (W.D. Wash. Dec. 19, 2025); *Baltodano v. Bondi*, No. C25-1958, 2025 WL 3484769, at *3 (W.D. Wash. Dec. 4, 2025); *Abubaka v. Bondi*, No. C25-1889, 2025 WL 3204369, at *2 (W.D. Wash. Nov. 17,

2025); *Nguyen v. Scott*, 796 F. Supp. 3d at 729–732. As in *Arenado-Borges, Baltodano, Abubaka,* this Court adopts the *Nguyen* court's analysis and findings that: (1) "The class certification order in *D.V.D.* does not prevent this Court from adjudicating Petitioner's claims regarding third-country removal," and (2) absent "clear guidance from the Supreme Court," which the emergency docket order in *D.V.D.* does not provide, this Court must follow well-established precedent. *Nguyen*, 796 F. Supp. 3d at 729–32.

The Government's reliance on *Trump v. Boyle*, 145 S.Ct. 2653 (2025), does not change this analysis. In *Boyle*, the Supreme Court held that the "reasoning" of interim-relief orders—their "ratio decidendi"—carries precedential weight. *Id.* at 2654. But there must be reasoning to follow. *Nat'l Institutes of Health v. Am. Pub. Health Ass'n*, 145 S.Ct. 2658, 2663, (2025) (Gorsuch, J., concurring) (citing *Boyle*, 145 S.Ct. at 2654). The *D.V.D.* stay was an unexplained, emergency-docket order that provides no reasoning for lower courts to apply. And because the Government raised multiple arguments in seeking the stay, it is impossible to determine which argument or arguments the Supreme Court found persuasive. *See Nguyen*, 796 F. Supp. 3d at 732.

Likewise, the Government's reliance on *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013) is unpersuasive. "[A] district court may not 'dismiss[ ] those allegations … which go beyond the allegations and relief prayed for in [the class action]." *Pride*, 718 F.3d 1133 (quoting *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979)). *See, e.g., Sanchez v. Bondi*, No. C25-2573-KKE, 2026 WL 160882, at *4 (W.D. Wash. Jan. 21, 2026); *Kumar*, 2025 WL 3204724, at *7; *Arenado-Borges*, 2025

ORDER GRANTING HABEAS PETITION - 9

WL 3687518, at *5–6; *Nguyen*, 796 F. Supp. 3d at 729. Yousufi's due process claim is not identical to the claims in the *D.V.D.* class action—he asks for individual habeas relief, not systemic or class-wide relief. *See generally* Dkt. Nos. 1, 13; *see also Nguyen*, 796 F. Supp. 3d at 730; *Arenado-Borges*, WL 3687518, at *5–6. Furthermore, as the Government acknowledges, dismissal of individual claims is "within the court's discretion" and "based on [the court's] inhere power to control its own docket." Dkt. No. 7 at 12 (citing *Crawford*, 599 F.2d at 893) (emphasis added). Ample authority supports this Court's exercise of jurisdiction over Yousufi's third country removal claims.

Accordingly, the class certification order in *D.V.D.* does not prevent this Court's adjudication of Yousufi's claim for individual relief in this habeas action.

### 3.3    Scope of relief.

The final issue is whether the relief Yousufi requests is tailored to preventing his removal without meaningful notice and an opportunity to present claims for fear-based protection. In his petition, he asks for ten days to prepare for a reasonable fear interview, fifteen days to file a motion to reopen immigration proceedings. Dkt. No. 1 at 20–21. His requested relief mirrors the preliminary injunction in *D.V.D.* Numerous courts have found the same relief appropriate for noncitizens facing similar circumstances. *See, e.g., Kumar,* 2025 WL 3204724, at *8–9 (enjoining removal without giving petitioner "a minimum of ten days" to raise fear-based claims and "a minimum of fifteen days" after an adverse "reasonable fear" determination to move to reopen); *Ramos v. Noem et al.*, No. 5:26-CV-00064-

MEMF-ADS, 2026 WL 303536, at *8 (C.D. Cal. Feb. 4, 2026) (same); *Lapshin v. Bondi*, No. C25-2245-KKE, 2026 WL 71407, at *5 (W.D. Wash. Jan. 9, 2026) (requiring ten-days prior notice before removal to third country).

These timelines are warranted by the record. Yousufi suffers from severe PTSD with dissociative episodes stemming from his imprisonment and torture by the Taliban as a nineteen-year-old. Dkt. No. 13-2.[4] He has limited English proficiency and has never had the opportunity to develop evidence regarding conditions in any third country, because no third country was identified during his removal proceedings. The twenty-four hours (or as little as six hours) contemplated by the DHS memoranda would not afford him a "meaningful opportunity" to contact counsel, research conditions in an unfamiliar country, and assert a fear-based claim. *See* Dkt. No. 8-2 at 2–3. The Court concludes that Yousufi's proposed relief is well-suited to ensure "a reasonable opportunity to raise and pursue his claim for withholding of deportation" or CAT protection. *Aden*, 409 F. Supp. 3d at 1009.

Yousufi has met the requirements for injunctive relief. *See eBay*, 547 U.S. at 391. The record establishes a "cognizable danger" that Respondents will remove him to a third country without adequate due process. *Cummings v. Connell*, 316 F.3d

---

[4] This record, Exhibit 2, is a report from Yousufi's psychotherapist. The need to protect medical privacy constitutes a compelling reason to seal records. *Vega v. Honeywell Int'l, Inc.*, No. 3:19-CV-0663 W (BGS), 2021 WL 6106424, *3 (S.D. Cal. Mar. 23, 2021) (citation omitted); *see also A.C. v. City of Santa Clara*, No. 13-CV-03276-HSG, 2015 WL 4076364, *1 (N.D. Cal. July 2, 2015) (finding that confidentiality concerns outweigh the presumption of public access to court records where medical and mental health records are concerned). Balancing the public's right of access against Yousufi's privacy interests, the Court finds sua sponte that sealing this record is warranted.

886, 897 (9th Cir. 2003). Monetary damages are plainly inadequate to compensate for that injury. The balance of hardships and the public interest likewise favor relief, as the injunction requires nothing more than compliance with established legal precedent. *eBay*, 547 U.S. at 391; *see Francisco Lorenzo*, 2026 WL 237501, at *10 (applying *eBay* factors and reaching the same conclusion on similar facts).

## 4. CONCLUSION

The Court GRANTS Petitioner's habeas petition. Dkt. No. 1. The Court ORDERS:

1. Respondents shall not remove or seek to remove Petitioner to a third country, *i.e.*, a country other than the country designated as the country of removal in Petitioner's final order of removal, without written notice to both Petitioner and Petitioner's counsel in a language the Petitioner can understand.

2. Following notice, Petitioner must be given a meaningful opportunity, and a minimum of ten (10) days, to raise a fear-based claim for protection under the Convention Against Torture prior to removal. If Petitioner demonstrates "reasonable fear" of removal to the third country, Respondents must move to reopen Petitioner's removal proceedings.

3. If Petitioner is not found to have demonstrated a "reasonable fear" of removal to the third country, Respondents must provide a meaningful opportunity, and a minimum of fifteen (15) days, for Petitioner to seek reopening of his immigration proceedings.

4. Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. *See Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025) (the Equal Access to Justice Act authorizes the award of attorney's fees to petitioners who prevail against the government in immigration habeas actions).

5. The Clerk of the Court shall SEAL Dkt. No. 13-2.

Dated this 20th day of February, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING HABEAS PETITION - 13